IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00090-RPM

BENJAMIN P. GARDNER

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____

ORDER AFFIRMING DECISION AND FOR DISMISSAL OF ACTION
_____

This is a judicial review of a final decision denying the applications for a period of disability, Disability Insurance Benefits and Supplemental Security Income payments filed by Benjamin P. Gardner, alleging disability beginning June 1, 2000. The Appeals Council affirmed the decision of the Administrative Law Judge ("ALJ"), dated October 5, 2005. The additional evidence submitted to the Appeals Council was a letter from Shannon T. Poletti, M.D., a psychiatrist who treated Mr. Gardner at the Jefferson Center for Mental Health, dated November 7, 2005. In that letter Dr. Poletti summarized her view of the extensive medical records of the treatment provided to him for Schizoaffective Disorder since 1999. In her view, Mr. Gardner has gone only brief periods of time without active psychosis. R. 308-312. The Appeals Council, by letter to claimant's counsel, dated December 2, 2005, acknowledged receipt of Dr. Poletti's letter and held that it did not provide a basis to change the ALJ's decision. R. 302.

The Appeals Council also found that the ALJ had complied with its order to the ALJ, after remand from an earlier filing with this court, vacating the ALJ's earlier decision of May 6, 2003, and giving specific directions to the ALJ for further evaluation of the opinions of the treating doctors and therapist as well as obtaining supplemental evidence from a vocational expert and the claimant at a new hearing.

The ALJ held that hearing on May 17, 2005.  The claimant was represented by the same counsel who appeared with him at the first hearing on November 13, 2002.  A vocational expert testified that Mr. Gardner could perform janitorial jobs.  At the conclusion of that hearing, claimant's counsel contended that the medical evidence showed that the stress of the need to perform any type of employment on a consistent basis generates schizophrenic symptoms that interfere with the claimant's ability to concentrate and precludes his ability to sustain any kind of work.  The ALJ denied disability at Step 5 of the sequential process.

The medical record is extensive. Mr. Gardner was hospitalized at age 20 on a diagnosis of Bipolar Disorder.  He was again hospitalized in 1982 and 1989.  In 1996 he was in treatment at Colorado Mental Health Institute at Fort Logan for five months with a diagnosis at discharge of Bipolar disorder, manic episode, with psychosis and polysubstance abuse.  His medication at that time was Lithium, Zoloft and Mellaril.  R. 208.  The date of discharge was August 23, 1996.

Mr. Gardner received Social Security Insurance Benefits from 1982 to 1995 and from 1996 to 1999, based on the non-exertional limitations resulting from these psychological impairments.

Mr. Gardner has been in treatment at the Jefferson Center for Mental Health since his discharge from Fort Logan. The psychiatrist supervising his treatment, Becky Estill, completed a Colorado Department of Human Services examination form on April 24, 2001, giving a diagnosis of Schizo-Affective Disorder Bipolar type with a prognosis as follows:

> Good, if maintains structure and activities with low stress and low responsibility. Cannot handle stress of full time work. R. 188.

Dr. Estill completed a medical reexamination form on March 26, 2002, adding "anxiety disorder not otherwise specified" to her diagnosis and finding that her patient was "not employable–has tried many times and failed even sheltered setting." The prognosis as to the length of expected disability was "lifelong."

The therapist working with Mr. Gardner, Harriet Shaw, L.P.C., wrote a letter, dated October 18, 2001, expressing her view that "I do not believe that Ben can maintain full-time work, and if he continues to try to do this, I fear he will decompensate and have hospitalizations as a result of his occupational stress. R. 132. The clinical notes for Mr. Gardner's many contacts with the Jefferson County Mental Health Center are in the medical records reviewed by the ALJ.

In the denial decision the ALJ expressly rejected these opinions and gave detailed reasons for doing so. The ALJ found that Dr. Estill had a "mistaken impression" of the claimant's work history, R. 328, and observed that she had not previously stated that he was unable to work while he was seeking employment. Mr. Gardner's last employment was a "bagger at a King Soopers" store where he was doing

well for almost six months.  He quit that job, giving conflicting reasons to Dr. Estill and in his testimony at the first ALJ hearing.  He made later efforts to obtain employment.  He consulted with a VR counselor but expressed anxieties about his ability to work.  He also contrasted his lifestyle with a friend he visited on the East Coast who had independent wealth.  The ALJ interpreted the notes as reflecting a view that the claimant had no motivation to work at jobs that were beneath his level of education and found that disability was a lifestyle preference.  The ALJ particularly noted a statement in Ms. Shaw's notes of August 20, 2002, that the claimant was "unwilling to consider working until he gets Social Security but might consider training."  R. 247.

The plaintiff's counsel contends that the ALJ failed to follow the law by substituting his lay opinion for that of the health care professionals.  While the ALJ discounted the credibility of Mr. Gardner, the decision shows a careful and detailed evaluation of the medical records in reaching the conclusion that the opinions of Dr. Estill and Ms. Shaw were based on an interpretation of the work record and the signs and symptoms of the effects of the claimant's impairment that is not supported by their own treatment records.

On November 14, 2002, Dr. Harry L. Kirk, a psychiatrist at the Jefferson Center for Mental Health, saw Mr. Gardner and recorded that he was upset about the disability hearing held the previous day, but that the patient was doing okay on his medications and was able to live with his delusions.  R. 436.

The ALJ relied on the opinion of Dr. Garnand, a DDS psychiatrist who reviewed the medical record in October, 2001, and found only mild impairments.  His evaluation

is in the form for Mental Residual Functional Capacity Assessment. R. 110-112. It is somewhat disturbing that Dr. Garnand refers to the "mental ability to do work not involving significant complexity or judgement." R. 112. That would appear to refer to cognitive ability which has not been questioned. Dr. Garnand's conclusions are based on a paper review. He did not see the claimant. The ALJ may rely on that opinion under Social Security regulations and this court may not discount it.

The ALJ also described in detail the daily activities of Mr. Gardner, his social functioning, his part-time work done for friends and his testimony in the two hearings in reaching the ultimate decision denying disability.

Plaintiff's counsel has argued that the Appeals Council erred in failing to accept Dr. Poletti's letter submitted with the request for review. She first began treating the claimant in June, 2004, after Dr. Kirk, and her disability opinion was essentially based on a records review. It was within the discretion of the Appeals Council to reject it and affirm the ALJ's decision.

Because this Court finds that the record contains substantial evidence supporting the decision denying plaintiff's applications, it is

ORDERED that the decision is affirmed and this civil action is dismissed.

DATED: September 19th, 2006

        BY THE COURT:

        s/Richard P. Matsch

        _____
        Richard P. Matsch
        Senior District Judge